UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL RAY MILLS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEFFER, et al.,<br><br>　　　　　Defendants. | 1:20-cv-00195-NONE-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING IN PART REQUEST FOR ENLARGEMENT OF TIME**<br><br>(Docs. 25, 26)<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff has filed a request for appointment of counsel and a request for a 120-day extension of time. (Docs. 25, 26.) Plaintiff argues that both are necessary due to complexity of the case. (Doc. 25.) Plaintiff indicates that he intends to amend his complaint to update the name of Defendant Lateshia Shanae Dunn to Dunn-Johnson, and to add defendants. For the following reasons, the Court DENIES the request for appointment of counsel and GRANTS in part and DENIES in part Plaintiff's request for additional time to file his first amended complaint.

　　　　Plaintiff previously filed two motions for appointment of counsel, which were denied by this Court. (*See* Docs. 5, 9, 11.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary

1 | assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a
2 | reasonable method of securing and compensating counsel, the Court will seek volunteer counsel
3 | only in the most serious and exceptional cases. In determining whether exceptional
4 | circumstances exist, the district court must evaluate both the likelihood of success of the merits
5 | and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal
6 | issues involved. *Id.*

7 |       The Court does not find the required exceptional circumstances. Even assuming that
8 | Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved,
9 | would entitle him to relief, his case is not exceptionally complex. This Court is faced with
10 | similar cases almost daily. At this early stage in the proceedings, the Court cannot determine
11 | whether Plaintiff is likely to succeed on the merits. Moreover, based on a review of the limited
12 | record, the Court finds that Plaintiff can articulate his claims adequately. *Id.* For these reasons,
13 | the Court again **DENIES** Plaintiff's motion for the appointment of counsel. (Doc. 25.)

14 |       Plaintiff also seeks an additional 120-day enlargement of time to file an amended
15 | complaint because of the complexity of issues and the need for fact investigation. This Court has
16 | repeatedly ordered Plaintiff to file an amended complaint, given him ample time to comply with
17 | the orders, and warned Plaintiff that the failure to comply would result in a recommendation of
18 | dismissal of the case for failure to obey a court order. Because Plaintiff indicates a genuine
19 | desire to litigate his claims, the Court will allow Plaintiff a final opportunity to file a first
20 | amended complaint. However, the Court must manage its docket and move this case forward.
21 | Therefore, the Court will grant in part Plaintiff's request for an extension of time and afford
22 | Plaintiff an additional **30 days** to file his first amended complaint.
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

**Within 30 days of service of this order, Plaintiff SHALL file a first amended complaint. No further extensions will be granted absent evidence of exceptional good cause. Failure to comply with this order will result in a recommendation to dismiss this action for failure to state a claim upon which relief can be granted, failure to prosecute, and failure to comply with court orders.**

IT IS SO ORDERED.

Dated: __July 21, 2021__              _____/s/ Jennifer L. Thurston_____
                                       CHIEF UNITED STATES MAGISTRATE JUDGE