UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL RAY MILLS,<br><br>             Plaintiff,<br><br>     v.<br><br>C. PFEFFER, et al.,<br><br>             Defendants. | Case No.: 1:20-cv-00195-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 29)<br><br>**21-DAY DEADLINE** |

Plaintiff Darryl Ray Mills is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     PROCEDURAL BACKGROUND**

Plaintiff initiated this action with the filing of his original complaint on February 7, 2020. (Doc. 1.) The complaint named as defendants the warden and 11 correctional officers, sergeants, and lieutenants at Kern Valley State Prison. (*Id*. at 1-4.) Plaintiff also named three individuals associated with the Anti-Recidivism Coalition ("ARC").

On October 18, 2020, this Court issued its First Screening Order. (Doc. 13.) The Court held Plaintiff's complaint failed to state a claim upon which relief could be granted.  First, the Court found the complaint failed to allege facts that would permit the Court to determine whether

1  the ARC-related individuals were state actors subject to liability under Section 1983.  (*Id.* at 4-5.)
2  Next, the Court found that the complaint failed to plead facts alleging the warden participated in,
3  directed, or otherwise was aware of and failed to prevent any of the alleged wrongdoing.  (*Id.* at
4  5.)  Next, the Court found that the complaint's allegations were too vague and conclusory to
5  support claims under the First or Eighth Amendments.  (*Id.* at 6-11.)  Next, the Court found that
6  the complaint's allegations failed to plead a due process violation relating to a rules violation
7  hearing.  (*Id.* at 11-12.)   Plaintiff was granted leave to amend his complaint to cure the
8  deficiencies identified in the screening order. (*Id*. at 16-17.)

   On August 2, 2021, Plaintiff filed a first amended complaint ("FAC"). (Doc. 29.) Plaintiff
10  separately filed a document titled, "Chronological Evens Showing Support of Complaint
11  (Ongoing)."  (Doc. 28.)[1]

12  **II.     SCREENING REQUIREMENT**

13     The Court is required to screen complaints brought by prisoners seeking relief against a
14  governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).
15  The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious,
16  fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant
17  who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if
18  it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal
19  theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

20  **III.    PLEADING REQUIREMENTS**

21     **A.  Federal Rule of Civil Procedure 8(a)**

22     "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

---

[1] In its First Screening Order, the Court advised Plaintiff that if he chose to file an amended pleading, the amended complaint must be "complete in itself without reference to any prior pleading" and that such amended pleading would supersede the original complaint. (*Id*. at 16.)  For this reason, the Court declines to consider Plaintiff's separately filed Chronology (Doc. 28.)  The Court reviewed the filing and found it largely indecipherable.  Should Plaintiff seek to file a second amended complaint to remedy deficiencies in the FAC identified herein, the amended pleading should stand on its own, without supplementation by separate filings such as the Chronology.

2

exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the

3

deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed

with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. DISCUSSION

### A. Plaintiff's First Amended Complaint

In his first amended complaint (FAC), Plaintiff names as defendants Warden C. Pfeffer, the Anti-Recidivism Coalition ("ARC"), and three individuals associated with the ARC (Scott Budnick, Sam Lewis and Lateshia Shanae Dunn-Johnson). (Doc. 29 at 1-3.) Plaintiff requests injunctive relief and money damages.[2]

### B. Plaintiff's Claims

Plaintiff asserts two claims for relief: a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment, and "Medical Care," which the Court construes as a claim for violation of the Eighth Amendment in the context of medical care. (*See* Doc. 29 at 3.)

According to the allegations in his FAC, during the period of his incarceration at Kern Valley State Prison, between 2018 and 2021, Defendant Pfeffer (the warden) with Defendant Dunn-Johnson and other unidentified correctional officers and psychologists, allowed the ARC and its associated "Hollywood Productions" to fabricate reports, perform voodoo and witchcraft, undertake satanic/demonic assaults, steal property, and undertake telepathy and visual harassment. (Doc. 29 at 3-4.)[3] This conduct traumatized Plaintiff and caused him severe emotional, psychological and physical harm. The "productions" were undertaken without Plaintiff's consent and hindered visitation from family. Plaintiff's phone calls also are "being

---

[2] Shortly before filing the FAC, Plaintiff filed a motion for appointment of counsel (Doc. 25), which the Court denied. (Doc. 27.) Plaintiff's prayer for relief in the FAC includes a request for appointment of counsel and an investigator. (Doc. 29 at 5.) Such a request is properly the subject of a motion.

[3] The FAC contains no allegations concerning Defendants Budnick and Lewis.

hacked." (*Id.* at 4.)  One or more Defendants failed to stop, intervene or respond to this conduct.

As a further result of the conduct described above, Plaintiff's health needs were not properly met.  Notwithstanding Plaintiff's filing of complaints, unidentified personnel were told what to do through telepathy and Plaintiff's complaints were not addressed.  Relatedly, Plaintiff was denied his right to certain, unidentified medical information.  (*Id*.)  Defendant Dunn-Johnson plays a "key role" in the above-described conduct and as a "frivolous [*sic*] 'producer' misleading all employed." (*Id.* at 5.)

### *Failure to Link Conduct to Alleged Violation*

In its First Screening Order, the Court advised Plaintiff that although he named Warden Pfeffer as Defendant, he failed to assert any allegations of Warden Pfeffer's involvement in the conduct complained of and, thus, had failed to adequately link any unconstitutional conduct to the Warden.  (Doc. 13 at 5.)

Plaintiff's FAC did not remedy this deficiency.  The only allegation in the FAC relating to Warden Pfeffer is that he "allowed" the ARC to fabricate reports, perform voodoo and witchcraft, undertake satanic/demonic assaults, steal property, and undertake telepathy and visual harassment. (Doc. 29 at 3-4.)  However, Plaintiff has not "specifically alleged" the causal connection between Warden Pfeffer and the claimed constitutional violation. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).  Plaintiff's allegations concerning Warden Pfeffer's involvement are vague and conclusory and, thus, are insufficient to state a claim.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

### *Failure to Plead or Establish State Actor*

In its First Screening Order, the Court concluded that Plaintiff failed to include any facts that would clarify the role of the Anti-Recidivism Coalition (ARC).  (Doc. 13 at 4-5.)  The Court determined that it was impossible to determine if any individuals affiliated with this organization can be deemed state actors for purposes of Section 1983 liability under the two applicable tests described in the First Screening Order – the "public-function test" and the "joint-actor test." (*Id*.)

Plaintiff's FAC did not remedy this deficiency.  Although three ARC-associated Defendants are named (Budnick, Lewis and Dunn-Johnson), they do not appear to be employees

6

of the Kern Valley State Prison. In particular, whereas Plaintiff referred to prison employees by their title when named as defendants in his original complaint (*i.e.*, "correctional officer," "sergeant" and "lieutenant"), the individuals named in the FAC (with the exception of Warden Pfeffer) are not referred to by title, leading the Court to suspect they are not prison employees. Further, it remains unclear from the FAC whether and the extent to which the ARC engaged in "traditionally and exclusively governmental" functions or conduct "inextricably intertwined" with a government function such that they may be proper parties in a Section 1983 action. (*Id*.) (citations omitted).

Accordingly, because Plaintiff has not alleged that the three ARC-associated Defendants acted under color of state law or otherwise pleaded facts allowing the Court to determine whether the Defendants are private or state actors, the claims again Budnick, Lewis and Dunn-Johnson also must be dismissed. *See Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) ("To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under color of state law.").

### *Failure to Plead Nonfrivolous Claims*

Where, as here, a plaintiff proceeds *in forma pauperis*, the Court must dismiss a complaint or portion thereof if it raises claims that are frivolous. 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate where the claim is "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Id.* at 327.

Various of Plaintiff's allegations set forth in the FAC – specifically, those relating to "voodoo," "witchcraft," satanic influences and telepathy – have been deemed frivolous by other courts. *E.g.*, *Oak v. Winter*, No 2:22-cv-00517-MEMF(PDx), 2022 WL 2787676, at *12 (C.D. Cal. June 27, 2022) (voodoo); *McIntosh v. Thomaz*, No. , 2019 WL 3363792, at *2 (N.D. Cal. May 14, 2019) (mind control); *Tubach v. Brown*, No. 1:12-cv-01370-MJS (PC), 2012 WL 5356035, at *4 (E.D. Cal. Oct. 30, 2012) (satanic influences); *Khan v. Unitarian Church of Kensington Cnty.*, No C-94-1147-VRW, 1994 WL 594148, at *2 (N.D. Cal. Oct. 26, 1994)

(witchcraft). The undersigned follows these courts in concluding that, in the absence of allegations of clear underlying facts to support his assertions of voodoo, witchcraft, satanic influences and telepathy, these allegations are "fanciful," and subject to dismissal as "frivolous." *See Neitzke*, 490 U.S. at 325.

## V. CONCLUSION AND RECOMMENDATIONS

Based on the above, the Court finds that Plaintiff's FAC is frivolous and fails to state a claim on which relief may be granted. Plaintiff has not alleged any facts that would entitle him to relief. Because the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory, the Court must dismiss the complaint.

Based upon the facts alleged, the Court further finds that the deficiencies cannot be cured by amendment, and further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). In particular, the Court advised Plaintiff in its First Screening Order of deficiencies he must remedy in any amended pleading, and those deficiencies were not cured in the FAC.

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be dismissed, without leave to amend, based on Plaintiff's failure to state a claim upon which relief may be granted and for frivolousness.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 10, 2023**                          _____
                                                       UNITED STATES MAGISTRATE JUDGE